767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HUBERT HAYES MCDONALD, PLAINTIFF-APPELLANT,
v.
WILLIAM C. SEABOLD, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-5867
 United States Court of Appeals, Sixth Circuit.
 6/14/85
 
 W.D.Ky.
 AFFIRMED IN PART; VACATED AND REMANDED IN PART
 ORDER
 BEFORE: MERRITT and CONTIE, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the summary judgment for defendants in this pro se civil rights action brought under 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is an inmate at the Luther Luckett Correctional Complex in LaGrange, Kentucky. He alleged in his complaint that defendant prison officials and employees interfered with his access to the courts by opening his legal mail, and violated his due process rights by denying him use of a videotape as evidence in a disciplinary proceeding, confiscating personal property from his cell, moving him to another dorm, falsely accusing him of assaulting a guard, and failing to press state charges which would have entitled him to appointment of counsel.
 
 
 3
 The district court ordered plaintiff to file a state claim for the confiscation of his property and directed the parties to brief the issues of whether the failure to allow introduction of the videotape evidence violated due process and whether the decision not to file state charges against plaintiff denied him the right to counsel. Both parties filed motions for summary judgment on these issues. The district court granted defendants' motion on the grounds that denying plaintiff use of the videotape did not violate due process and plaintiff was not entitled to an attorney at the disciplinary proceeding regardless of whether any state charges would be filed. On appeal, plaintiff argues that the defendants' refusal to allow him to introduce the videotape at his disciplinary hearing violated due process, the confiscation of his property violated due process, and the interference with his mail violated his first and fourteenth amendment rights. He also argues that the district court should have held a hearing on these issues. We affirm the district court's judgment in part, vacate in part, and remand for further proceedings.
 
 
 4
 The district court held that plaintiff was not denied due process in the disciplinary hearing by defendants' refusal to permit introduction of the videotape into evidence because the Adjustment Committee did not review the tape in making its decision. Plaintiff argues that the videotape would have supported his version of the incident and proven his innocence of the charge. A prisoner has a right to call witnesses and to present documentary evidence in his defense in a disciplinary proceeding in which he may lose good time credit. Wolff v. McDonnell, 418 U.S. 539 (1974). The Supreme Court and this Court recently addressed the issue of the prison officials' obligation to justify their exclusion of a prisoner's witnesses in Ponte v. Real, ---- U.S. ----, 53 U.S.L.W. 4549 (U.S. May 20, 1985), and King v. Wells, ---- F.2d ----, Nos. 83-1705, 83-1774 (6th Cir. April 12, 1985). These cases had not been decided when the district court dismissed this case. Therefore, the judgment is vacated insofar as it holds that plaintiff was not denied due process by exclusion of the videotape evidence and the case is remanded for reconsideration of this issue in light of Ponte v. Real and King v. Wells.
 
 
 5
 The district court correctly held that plaintiff was not entitled to counsel at his disciplinary hearing. A prisoner does not have a right to counsel at a disciplinary hearing, even if the charges involve conduct that would be punishable as a state offense. Baxter v. Palmigiano, 425 U.S. 308 (1976). This holding is affirmed.
 
 
 6
 The district court found that the federal court was not the proper forum for the confiscation of property claim, citing Parratt v. Taylor, 451 U.S. 527 (1981). The court directed defendants to provide plaintiff with the forms necessary to file a state claim. On appeal, plaintiff argues that he filed a state claim but it was dismissed. These facts were not before the district court when it dismissed the case and are not part of the record on appeal. We express no opinion as to whether plaintiff could plead or prove that the state remedies were inadequate. See Parratt v. Taylor, supra; Wagner v. Higgins, 754 F.2d 186 (6th Cir. 1985); Preston v. Smith, 750 F.2d 530 (6th Cir. 1984). Plaintiff may pursue this issue on remand.
 
 
 7
 Plaintiff's third argument on appeal is that defendants interfered with his legal mail. The district court did not address this issue in its opinion. Prisoners have a constitutional right of access to the courts, which includes the limited right to engage in legal correspondence. See Wolff v. McDonnell, supra. This issue should be addressed in the first instance by the district court.
 
 
 8
 Accordingly, it is ORDERED that the district court's judgment is affirmed on the right to counsel issue, Sixth Circuit Rule 9(d)(3), and vacated on the videotape issue and remanded for reconsideration in light of Ponte v. Real and King v. Wells. Sixth Circuit Rule 9(d)(4). On remand, the district court should also consider the alleged interference with plaintiff's legal mail and whether plaintiff could show that state remedies were inadequate to compensate for the loss of his property.